**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LAZ PARKING MID-ATLANTIC, LLC, <br><br> Defendant. | Civil No. 1:18-cv-02963-CCB |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Laz Parking Mid-Atlantic, LLC, ("Defendant") alleging that Defendant violated Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a)(l), by terminating Fouad Sika ("Sika"), Birhan Mezgebe ("Mezgebe"), and Houssin El Kharroubi ("El Kharroubi") on the basis of their national origin.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII. Defendant denies the claims of discrimination and any other wrongdoing alleged by the EEOC.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

**Scope of Decree**

1. For purposes of this Decree, Defendant shall mean its managers, officers, agents, parent organizations, successors, purchasers, assigns, subsidiaries, affiliates, and any corporation or entity into which Defendant may merge or with which Defendant may consolidate. In the event that there is a transfer of ownership of Defendant during the Term of the Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business of the existence and contents of this Decree.

2. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Fouad Sika. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

3. The Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

4. This Decree, being entered with the consent of the EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

**Monetary Relief to Sika, Mezgebe and El Kharroubi**

5. Within thirty days of entry of this Decree, Defendant shall pay a total amount of $155,000, paid as follows:

- $18,000 in back pay to Sika;
- $9,000 in back pay to Mezgebe;

- $15,000 in back pay to El Kharroubi; and
- $113,000 in compensatory damages.

The EEOC shall have the sole discretion to determine the distribution of the compensatory damages to Sika, Mezgebe and El Kharroubi and will advise Defendant of this distribution within five days after entry of this Decree.

6. Defendant will issue Sika, Mezgebe and El Kharroubi IRS Form 1099s for the 2019 tax year for the compensatory damages amount paid to them and IRS W-2 forms for the 2019 tax year for the back pay amounts paid. Defendant shall make all legally required withholdings from the back pay amounts and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

7. Within five days of the execution of the Decree, the EEOC shall provide Defendant with current addresses of Sika, Mezgebe and El Kharroubi. The checks will be sent directly to each. A photocopy of the checks and related correspondence will be emailed to EEOC counsel.

8. In response to a written request from a prospective employer directed to LAZ Human Resources Department on behalf of Sika, Mezgebe and/or El Kharroubi, LAZ shall state only that information (such as dates of employment and position held) that it is LAZ policy to provide, as applicable.

## Injunctive Relief

9. Defendant is enjoined from terminating employees based on their national origin. Such national origin-based discrimination violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) to … discharge any individual, or otherwise to discriminate against any individual with respect to his ... terms, conditions, or privileges of employment, because of such individual's ... national origin ....

42 U.S.C. § 2000e-2(a)(1).

## **Layoff Guidelines**

10.     Within 30 days of the entry of this Decree, Defendant will implement for the duration of this Decree and distribute to all General Managers in the Baltimore region where Sika, Mezgebe and El Kharroubi worked as well as any Human Resources employees who service such region. guidelines pertaining to Company layoffs.  Such guidelines will state that all anticipated layoffs will be reviewed in advance with LAZ Human Resources and will give guidance on legitimate business factors that LAZ may use to consider when making layoff determinations.  In addition, such guidelines shall state that it is the policy of LAZ to make any layoff decisions without regard to an individual's national origin, race, color, religion, sex, age, or disability.

## **Notice and Posting**

11.     Defendant will display and maintain the EEOC poster in each of the facilities it manages in the Baltimore region where Sika, Mezgebe and El Kharroubi worked as well as in the Baltimore office where any Human Resources employees who service such region worked while in Baltimore in a place or binder visually accessible to applicants and employees of Defendant.

12.     Within 30 days of the entry of this Decree, and for the duration of this Decree, Defendant will display and maintain in a place or binder visually accessible to applicants, employees and managers in each of the facilities it manages in the Baltimore region where Sika, Mezgebe and El Kharroubi worked as well as in the Baltimore offices where any Human

4

Resources employees who service such region worked while in Baltimore, a remedial Notice pursuant to this Decree, a copy of which is annexed hereto as Exhibit A, and signed by Defendant's Corporate Counsel.

## Anti-Discrimination Training

13.     Within four months from the entry of this Decree and every year thereafter for the duration of this Decree, Defendant shall provide at least 3 hours of training on Title VII for all supervisory and management employees in the Baltimore region where Sika, Mezgebe and El Kharroubi worked as well as any Human Resources employees who service such region. The training will cover all areas of prohibited Title VII employment discrimination with a special emphasis on national origin discrimination.

     a.     The training shall be conducted by a licensed attorney with employment law experience selected by Defendant and approved by the EEOC.  Undersigned counsel for Defendant is specifically approved by the EEOC as an acceptable trainer for this training.

     b.     Within ten business days of completing this training Defendant will furnish the EEOC with a signed attendance list, the date and the duration of the training, a description of the training, and a certification of completion of the mandatory training.

## Additional Provisions

14.     All materials required by this Decree to be sent to the EEOC shall be sent via email to maria.salacuse@eeoc.gov.

15.     If at any time during the term of this Decree, the Commission believes that Defendant is in violation of the Decree in any respect, the Commission shall give notice of the alleged violation to Defendant and work with Defendant in good faith to come in to compliance. Defendant shall have twenty (20) business days in which to investigate and respond to the

allegations.  Thereafter, the parties shall then have a period of twenty (20) business days or such additional period as may be agreed upon by them, in which to engage in negotiation in good faith regarding such allegations.  If the Defendant has not remedied the alleged non-compliance or satisfied the EEOC that it has complied, the EEOC may thereafter apply to the Court for appropriate relief.

16. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing.

| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION: | FOR DEFENDANT LAZ PARKING MIDATLANTIC, LLC: |
|---|---|
| _/s/ Debra M. Lawrence_<br>Debra M. Lawrence (Bar No. 04312)<br>Regional Attorney<br>(Signed by Maria Salacuse with permission of Debra M. Lawrence<br><br>_/s/ Maria Salacuse_<br>Maria Salacuse (Bar No. 15562)<br>Supervisory Trial Attorney<br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD  21201<br>(410) 209-2733 Tel<br>(410) 209-2221 Fax<br>debra.lawrence@eeoc.gov<br>maria.salacuse@eeoc.gov | _/s/ Larry R. Seegull_<br>Larry R. Seegull (Bar No. 22991)<br>Mary M. McCudden (Bar No. 20760)<br>(Signed by Maria Salacuse with permission of Larry R. Seegull)<br>JACKSON LEWIS, P.C.<br>3800 Quarry Lake Drive<br>Suite 200<br>Baltimore, MD  21209<br>(410) 415-2004 Tel<br>(410) 752-0611 Fax<br>Larry.seegull@jacksonlewis.com<br>Mary.mccudden@jacksonlewis.com |

IT IS SO ORDERED this ____ day of _____, 2019.

_____
Catherine C. Blake
United States District Judge